UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

July 8, 2022

LETTER OPINION

    Re: <u>Dillon v. Marshall, et al.</u>
        Civil Case No. SAG-21-2791

Dear Ms. Dillon and Counsel:

    I have reviewed the unopposed motion to dismiss filed by the only Defendant that has been served in this case, MBC Group, Inc. ("MBC"). ECF 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons described herein, MBC's motion will be granted, and the Complaint and Supplemental Complaint will be dismissed without prejudice.

    The Supplemental Complaint, which provides far more detail than the original version, has a number of clear deficiencies on its face that appear to bar adjudication of Plaintiff's claims in this Court. First, while Plaintiff cites diversity jurisdiction as the sole basis for jurisdiction, she specifically alleges that at least the individual defendant, Brandyn Marshall, is, like Plaintiff, a citizen of Maryland. ECF 4 at 2. Thus, diversity would be lacking, and this case could not be heard in federal court.[1] *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (noting that diversity exists only "when no party shares common citizenship with any party on the other side").

    Second, the only factual allegations outlined in the Supplemental Complaint occurred in 2016, including Plaintiff's filing of EEOC charges and her termination by MBC "in May 2016." ECF 4 at 8. Because it appears that the claim Plaintiff intends to assert against MBC, wrongful termination, is subject to Maryland's general three-year statute of limitations, the face of the Supplemental Complaint suggests that it was filed years too late. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101.

    Third, the allegations in the Supplemental Complaint remain too vague to provide adequate notice to MBC of the nature of Plaintiff's claim against it. Plaintiff appears to assert that Marshall, the individual defendant, was an employee of Xerox, not MBC. The relationship she alleges between Xerox, Marshall, and MBC cannot be ascertained from the Supplemental Complaint itself. Thus, while she alleges that MBC fired her for being a "whistleblower," it is not clear what whistleblowing activity she is asserting.

    Given Plaintiff's self-represented status and the fact that some of these issues may not have been clearly presented in the Supplemental Complaint, this Court will dismiss the complaint

---

[1] Given that Plaintiff asserts what appear to be employment-based claims, there could be federal question jurisdiction, but Plaintiff does not assert any such jurisdiction and has not provided a sufficient factual basis for this Court to assess whether her claims present a viable federal question, particularly as to the moving defendant, MBC.

<u>Dillon v. Marshall, et al.</u>
Civil No. SAG-21-2791
July 8, 2022
Page 2

without prejudice at this stage. Plaintiff will have twenty-one days from the date of this opinion and order, or until **July 29, 2022**, to file a motion seeking leave to file an amended complaint, which must attach a proposed amended complaint that states a viable federal claim. In addition, if the motion is filed and seeks to rename Marshall and Xerox as defendants, new information must be provided to permit those defendants to be served so that the case against them can proceed. If no motion for leave to file an amended complaint is filed by the deadline, the dismissal will convert to a dismissal with prejudice and this case will be closed.

      A separate order follows.

                                Sincerely yours,

                                /s/

                              Stephanie A. Gallagher
                              United States District Judge